| iLANDRIEU, Judge,
dissenting.
The majority opinion, moved by a concern for equity, ignores some rather simple truths in order to permit The Home Insurance Company (The Home) to recover its costs.
First, a sanction is a penalty which may be imposed on a motion by a party or by the court on its own motion. It may be imposed on the person making the certification or the represented party and it may include, among other monetary and non-monetary penalties, an order to pay to a party the amount of reasonable expenses incurred. See La.Code Civ. Proe. art 863.
At no time during the course of this litigation did The Home become a party. Had The Home done so, the court could have ordered Melville Borne, Evangeline Health Care, Inc., Ferncrest Manor, or their attorney to pay The Home’s expenses as well as the expenses of Middleberg, Riddle, and Gi-anna (MR & G). To permit The Home to now claim the sanctions awarded to MR & G deprives MR & G of its portion of the sanctions for its internal expenses which the trial court might have awarded above the attorneys fees paid by The Home.
Second, the subrogation clause on which The Home’s claim must rest contemplates only “the insured’s rights of recovery.” That phrase must be interpreted as relative to the risks against which MR & G was insured and for which payment was made. Let us suppose that MR & G, in lieu of moving for sanctions, had filed a separate tort action against the plaintiffs for abuse of process and recovered a judgment of $150,000.00. Would The Home be subrogated to partjjof that judgment for the attorneys fees it paid in defense of the original suit? I think not.
Suppose in the present matter, the trial court, offended by the improper certification, on its own motion imposed sanctions of $10,-000.00 against only the plaintiffs attorney and made the penalty payable to MR & G. Would The Home be subrogated to that sanction? Surely payment under such a scenario is not contemplated by the subrogation clause of the policy.
La.Code Civ. Proc. art. 863 authorizes the trial court to “impose” a sanction, not render a judgment in favor of a party, and to “order” the payment of the other party’s expenses. It is clear to this writer that a sanction is not a “right of recovery” and is personal to the party to whom it is ordered payable.
*743 The majority position, although striving for equity in this ease, has broad implications relative to the nature of sanctions.